JUDGE KATHLEEN CARDONE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JORGE DURON )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>CROWN FUNDING SOURCE LLC, a )<br>Florida limited liability company )<br>)<br>)<br>Defendant. )<br>) | Civil Action No. _____<br><br>**EP23CV0232** |

PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

Comes now Plaintiff, Jorge Duron, for their Complaint for Damages and Jury Demand against Defendant, Corporate Client Services LLC, allege and state as follows:

PARTIES

1.      Plaintiff, JORGE DURON ("Plaintiff"), is and at all material times was, a natural person, resident of the Western District of Texas, and was present in Texas for all automated text messages and phone calls, in this case in El Paso County, Texas.

2.      Defendant, CROWN FUNDING SOURCE LLC ("Crown") is a limited liability corporation organized and existing under the laws of Florida can be served via registered agent Yoel Berkovits at 3991 NW 4th Ave Boca Raton, FL 33431-5718.

1

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 302.101 because it arises from the same nucleus of operative fact, i.e., Defendant's telemarketing robocalls to Plaintiff; adds little complexity to the case.

4. This Court has specific personal jurisdiction over Defendant because at all relevant times, Defendant conducted business in Texas, solicited business in Texas, engaged in persistent course of conduct in Texas, and/or has derived substantial revenue from merchant cash advance services sold in Texas.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including Plaintiff—occurred in this District and because Plaintiff resides in this District. Residing in the Western District of Texas when he received a substantial amount if not every single telemarketing call from Defendant that are the subject matter of this lawsuit.

6. This Court has venue over Defendant because the unlawful telemarketing phone calls and text messages at issue were sent by or on behalf of the above-named Defendant to Plaintiff, a Texas resident.

## THE TELEPHONE CONSUMER PROTECTION ACT
## OF 1991, 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

9. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

10. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

11. Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

3

12. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

13. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

14. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

15. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

16. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act*

*of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

17. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

18. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

19. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS
## COMMON TO ALL CLAIMS FOR RELIEF

20. Plaintiffs' privacy and cell phone have been invaded by the non-emergency telemarketing calls from CCS.

21. Plaintiff Duron personally registered his phone number ending in -8309 on the National Do Not Call Registry to stop telephone solicitations in 2008.

22. Defendant routinely violates the TCPA as a part of their business model and knowingly and willfully commit TCPA violations for their financial gain.

23. Defendant Crown has knowingly and willfully called Mr. Duron many times, even after being told to stop all contact.

24. Plaintiff received fifteen (15) phone calls and thirteen (15) text messages to his personal cell phone soliciting their goods and services without prior express written consent and not related to an emergency purpose.

25. Defendant Crown initiated unsolicited calls to Plaintiff's personal cell phone. Defendant Crown is a loan broker who offers merchant cash advances, small business loans, SBA loans, equipment financing and credit card processing nationwide to include the state of Texas.

26. Plaintiff and Defendant Crown do not have a prior existing business relationship, and Plaintiff has never been a customer or client of Defendant.

27. On May 15, 2021, at 10:43 AM Plaintiff received a text message from an unknown sender from phone number 786-590-2527 simply stating, "hey jorge, I have the statements for the wells fargo bank account #5566, I can get you funded today with no extra fees. How much are you looking for?"

28. Plaintiff replied to the above message asking who it was and the unknown

6

sender proceeded to call Plaintiff at 10:55 AM that same day from phone number 915-306-7277 to ask about business revenues, Plaintiff's credit score and other qualifying questions for business funding. He disclosed himself as agent "Eli Brody".

29. Plaintiff continued the unsolicited conversation to find out who the agent was calling on behalf of. Agent Eli Brody sent Plaintiff a text message stating he was soliciting on behalf of Defendant Crown.

30. On May 15, 2023, at 3:40 PM Plaintiff told agent Eli Brody to stop contacting him and was responded with numerous variations of messages like, "what changed?" and "any update?" regardless of Plaintiff asking him to stop all contact.

31. Table below displays the unsolicited phone calls made to Mr. Duron by Defendant:

TABLE A

| Date | Time | Number / Duration | Source |
|---|---|---|---|
| 5/15/2023 | 10:55 AM | 915-306-7277 7min | Texted from 786-590-2527 |
| 5/15/2023 | 6:26 PM | 915-306-7277 Missed Call | Crown Funding Source |
| 5/16/2023 | 8:27 AM | 915-306-7277 Missed Call | Crown Funding Source |
| 5/16/2023 | 8:27 AM | 915-306-7277 1min | Crown Funding Source |
| 5/16/2023 | 8:30 AM | 915-306-7277 Cancelled | Crown Funding Source |
| 5/16/2023 | 3:07 PM | 786-590-2527 1min | Crown Funding Source |
| 5/17/2023 | 7:52 AM | 786-590-2527 1min | Crown Funding Source |
| 5/18/2023 | 8:07 AM | 915-306-7277 Missed Call | Crown Funding Source |
| 5/22/2023 | 12:20 PM | 786-590-2527 Missed Call | Crown Funding Source |
| 5/22/2023 | 1:49 PM | 915-306-7277 Missed Call | Crown Funding Source |
| 5/22/2023 | 1:50 PM | 915-306-7277 Missed Call | Crown Funding Source |

| Date | Time | Number | Source |
|---|---|---|---|
| 5/22/2023 | 3:27 PM | 786-590-2527 Missed Call | Crown Funding Source |
| 5/22/2023 | 3:27 PM | 786-590-2527 Missed Call | Crown Funding Source |
| 5/23/2023 | 8:07 AM | 915-306-7277 Missed Call | Crown Funding Source |
| 5/23/2023 | 8:40 AM | 786-590-2527 Missed Call | Crown Funding Source |

32. Table below displays the constant text messages made to Mr. Duron by Defendant only to include unsolicited messages:

TABLE B

| Date | Time | Message |
|---|---|---|
| 5/15/2023 | 10:43 AM | 786-590-2527 initial message from Eli Brody |
| 5/15/2023 | 3:39 PM | 786-590-2527 text message from Eli Brody |
| 5/15/2023 | 1:40 PM | 786-590-2527 text message from Eli Brody |
| 5/16/2023 | 11:51 AM | 786-590-2527 text message from Eli Brody |
| 5/16/2023 | 11:52 AM | 786-590-2527 text message from Eli Brody |
| 5/17/2023 | 10:51 AM | 786-590-2527 text message from Eli Brody |
| 5/17/2023 | 3:28 PM | 786-590-2527 text message from Eli Brody |
| 5/18/2023 | 9:34 AM | 786-590-2527 text message from Eli Brody |
| 5/18/2023 | 8:07 PM | 786-590-2527 text message from Eli Brody |
| 5/22/2023 | 9:48 AM | 786-590-2527 text message from Eli Brody |
| 5/22/2023 | 9:50 AM | 786-590-2527 text message from Eli Brody |
| 5/22/2023 | 9:51 AM | 786-590-2527 text message from Eli Brody |
| 5/22/2023 | 12:15 PM | 786-590-2527 text message from Eli Brody |
| 5/22/2023 | 1:50 PM | 786-590-2527 text message from Eli Brody |
| 5/23/2023 | 8:41 AM | 786-590-2527 text message from Eli Brody |

33. On May 21, 2022, Plaintiff searched the Texas Secretary of State website https://direct.sos.state.tx.us/telephone/telephonesearch.asp and did not find a valid Texas Solicitation Registration as required by Texas Business and Commerce Code 302.101.

34. Defendant does not qualify for an exemption for Texas Business and Commerce Code 302.101.

35. Each and every call was placed without the maintenance of an internal do-not-call policy. Each and every call was placed without training their agents/employees on the use of an internal do-not-call policy.

36. Plaintiff did not know of Defendant's existence prior to this situation.

37. Plaintiff was not in need of Defendant's services.

38. No emergency necessitated the calls.

39. Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

INJURY, HARM, DAMAGES, and ACTUAL DAMAGES

AS A RESULT OF THE CALLS

40. Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

41. Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

42. Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

43. Plaintiff has been harmed, injured, and damaged by the phone calls and text

messages including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

VIOLATIONS OF THE TEXAS BUSINESS AND COMMERCE CODE § 302.101

42. The actions of the defendant violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

43. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

44. The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

45. Business and Commerce Code §302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

46. Under Texas Business and Commerce Code § 302.302 Plaintiff is entitled to seek damages of up to $5000 per violation under §302.101.

## I.   FIRST CLAIM FOR RELIEF

### (Violation of the TCPA "Sales Call/DNC" Prohibition, 227(c)(1)(A) 47 C.F.R. § 64.1200(C))

47. Mr. Duron realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

48. Defendant called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

49. Plaintiff was statutorily damaged at least thirty (30) times under 47 U.S.C. § 227(c)(3)(F) by the Defendant by the telephone calls described above, in the amount of $500 per call.

50. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## II.   SECOND CLAIM FOR RELIEF

### (Violations of The Texas Business and Commerce Code 302.101)

51. Mr. Duron incorporates the foregoing allegations as if set forth herein. by reference each and every allegation set forth in the preceding paragraphs.

52. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce Code 302.101, by making non-registered solicitation calls to Plaintiff's cellular telephone number without his prior express written consent.

53. Mr. Duron is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. Texas Business and Commerce Code 302.302(a).

54. Mr. Duron is entitled to all reasonable attorneys' fees, deposition costs, and discovery costs. Texas Business and Commerce Code 302.302(d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the defendant jointly and severally as follows:

A.  Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.  A declaration that actions complained of herein by Defendant violates the TCPA and Texas state law;

C.  An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.  An award of $1,500 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation for 3 calls;

E.  An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101;

F.  An award to Mr. Duron of damages, as allowed by law under the TCPA;

G.  An award to Mr. Duron of interest, costs, and attorneys' fees, as allowed by law and equity;

H.  Such further relief as the Court deems necessary, just, and proper.

May 30, 2022                                             Respectfully submitted,

*[Signature]*

Jorge Duron
Plaintiff, Pro Se
9328 Lait Dr
El Paso, TX 79925
duronj413@gmail.com

## I.    <u>Demand for Jury Trial</u>

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: May 30, 2022

*[Signature]*

Jorge Duron
Plaintiff, Pro Se
9328 Lait Dr
El Paso, TX 79925
duronj413@gmail.com